IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Allen E. Robinson, | : | Civil Action |
| Plaintiff | : | |
| | | No. 04-CV-3592 |
| v. | : | |
| | : | |
| Patrick V. Fetterman, | | |
| John Rigney and | : | |
| Grig Riek | | |
| Defendants | : | |

**PLAINTIFF'S POST-TRIAL MEMORANDUM OF LAW**

1. Undisputed Facts

    a. Plaintiff did not curse, push police or create any danger to traffic, the police or the public by videotaping October 23, 2002.

    b. Defendant Grig Reik admitted Plaintiff committed no crime that day. Defendant Rigney did not state facts to make out a crime that day.

    c. Pa. State Trooper Juan Andrews, an eyewitness to a June 20, 2000 incident in which it is alleged Plaintiff cursed and lightly pushed Defendant Fetterman, admitted he did not see Plaintiff curse at or push Fetterman. Plaintiff denied ever cursing at or pushing police on June 20, 2000 or October 23, 2002.

    d. Jacob Fisher, who witnessed the entire interchange between Plaintiff and Fetterman for 5 minutes on June 20, 2000 and could hear their loud interchange from 15-20 feet away, said Plaintiff never cursed at or pushed Fetterman even though at the scene Fetterman stated he pushed him.

1

  e.  Defendants Rigney and Reik both heard Fetterman state after the October 23, 2002 arrest, in response to another officer's telling him "Don't erase : it's evidence," "I'll erase the part…erase it…ain't getting me sued." This is a contemporaneous admission of intent to erase or tamper with a videotape and is clear proof Fetterman erased or tampered with the tape to cover up wrongdoing.

  f.  Fetterman told Plaintiff on June 20, 2000 and October 23, 2002 if he saw his face on the tape – meaning if it was released to the public – he would come get Plaintiff and his wife.  He never denied making those statements.

  g. There are substantial gaps in the tape (4:53 to 5:13) and it inexplicably reverts from 5:23 to 5:04, an earlier time. During the time represented by the gap Plaintiff said all three defendants were repeatedly cursing at him and using obscene language. Defendants never denied this. There is no reasonable explanation other than the tape was tampered with.

  h.  Plaintiff suffered lost sleep, fear for his family's safety, humiliation, mental distress, $3,000.00 in attorney's fees and takes effexur, stress medication, as a result of the October 23, 2000 incident. His wife Shirley experienced a lot of stress as a result of the threats as she was concerned about the safety of her two boys and herself.

2. Law

  a. <u>False Arrest:  Damages</u>

2

A claimant pleading false arrest can pursue damages only for the detention that occurred up until issuance of process or arraignment, Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F. 3d 892 (7th Cir. 2001), Montgomery v. Disimone, 159 F. 3d 120 (3rd Cir. 1998), Mutual Medical Plans v. County of Peoria, 309 F. Supp. 2d 1067 (C.D. Ill. 2004).  From that point on damages recoverable must be based on a malicious prosecution claim.  Sulkowska v. City of NY, 129 F. Supp. 2d 274 (S.D.N.Y. 2001).

    b.  Punitive Damages

Fabrication of evidence in a malicious prosecution case supports a punitive damages award of $500,000.00.  Castellano v. Fragozo, 311 F. 3d 689 (5th Cir. 2002).

    c.  Proof of Actual Injury Not Required

Under the 4th Amendment, Plaintiff – Arrestee may recover nominal damages without proof of actual injury for unreasonable intrusions of bodily integrity.  Headwaters Forest Defense v. County of Humboldt, 240 F. 3d 1185 (9th Cir. 2000). False arrest exists if under the facts and circumstances within the knowledge of the arresting officer, a reasonable officer could not have believed an offense had been or was being committed by the arrestee. If the police used force which was not objectively reasonable under the circumstances and facts confronting himm at that time, it is excessive force. Mosley v. Wilson, 102 F. 3rd 85 (3rd Cir. 1996).

d. <u>Criteria for Damages</u>

Damages criteria include length & condition of detention, severity of injuries, conduct of police, insulting language, slurs, lost earnings, humiliation, emotional distress, mental anguish and injury to feelings. <u>Padilla v. Miller</u>, 143 F. Supp. 2d 479 (M.D.Pa. 2001); <u>Hayfield v. Home Depot, USA, Inc.</u>, 168 F. Supp. 2d 436 (E.D. Pa. 2001).

e. <u>Amount of Damages</u>

An award of $250,000.00 for false arrest and malicious prosecution was upheld where Plaintiff endured 2 trials and was exonerated one year after his arrest. <u>Fonseca V. City of Long Beach</u>, 33 Fed. App. 846 (9th Cir. 2002). An award of $91,500.00 for false arrest and malicious prosecution was appropriate even though Plaintiff incurred no lost wages or economic loss, no lost sleep, no inconvenience and no treatment for mental or medical problems. <u>Noga v. Potenza</u>, 221 F. Supp. 2d 345 (N.D.N.Y. 2002).

3. <u>Conclusions of Law</u>

The October 23, 2002 arrest was to Defendants justified only by unproven distraction to police that day and events of June 20, 2000. Videotaping from 30 feet away is activity protected by the constitution with a legitimate public purpose of recording the safety of police truck inspection stops. As a matter of law the October 23, 2002 activity was not a course of conduct sufficient to make out harassment under 18 Pa.

C.S.A §2709 (c) or (e). There was no probable cause for the October 23, 2002 arrest.

Compensatory damages for false arrest, malicious prosecution and the Violation of First Amendment rights should be awarded. Punitive damages should be awarded for the undisputed threats of retaliation and erasing and tampering with the videotape.

Date:  July 12, 2005  _____
J. Michael Considine, Jr.
12 East Barnard Street, Suite 100
West Chester, PA   19382
(610)431-3288
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, J. Michael Considine, Jr., hereby certify I sent **Plaintiff's Post-Trial Memorandum of Law** to the following counsel of record by filing it electronically on the date indicated below:  Randall J. Henzes, Deputy Attorney General, Office of the Attorney General, 21 South 12th Street, 3rd Floor, Philadelphia, PA 19107-3603.

Date:  July 12, 2005              s/ J. Michael Considine, Jr.
                                  J. Michael Considine, Jr.