IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN E. ROBINSON              :        CIVIL ACTION
                               :
        v.                     :
                               :
PATRICK V. FETTERMAN, et al.   :        NO. 04-3592

MEMORANDUM

Bartle, J.                                    August   , 2005

        Before the court is the motion of plaintiff Allen E.
Robinson for counsel fees and costs in the amount of $76,438.60
pursuant to 42 U.S.C. § 1988(b).  He was the prevailing party at
the trial of this civil rights action.

        Robinson sued the defendants, Pennsylvania State
Troopers Patrick V. Fetterman, John Rigney, and Gregg Riek, under
to 42 U.S.C. § 1983 for violating his constitutional right under
the First Amendment to free speech and his constitutional right
under the Fourth Amendment to be secure against unreasonable
seizures.  Specifically, he alleged that on two occasions, while
videotaping the officers as they performed truck inspections
along a highway, he was falsely arrested, subjected to excessive
force, and maliciously prosecuted.  He also brought state law
claims against the defendants for battery, malicious prosecution,
false arrest and excessive force.  All parties filed motions for
summary judgment.  We denied the plaintiff's motion for summary
judgment.  We granted the defendants' motion for summary judgment

on the state law claims and on the federal claims to the extent that they were based upon his arrest on June 20, 2000.

On the eve of trial the parties, at the initiation of plaintiff, waived their right to a jury trial and proceeded to trial before the court.  On July 19, 2005 we found that the defendants had violated Robinson's First Amendment right to freedom of speech and that they had falsely arrested him in violation of the Fourth Amendment.  We found in favor of the defendants on plaintiff's § 1983 claims for excessive force and malicious prosecution.  We awarded Robinson $35,000 in compensatory damages and $6,000 in punitive damages.

Title 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[] ... 1983 ... the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs ...."  In calculating a reasonable attorney fee we must begin with the lodestar which is obtained by multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In determining the appropriate hourly rate, we are to consider both the attorney's usual billing rate and the prevailing market rates in the relevant community.  Pennsylvania Envtl. Def. Found. v. Canon-McMillan Sch. Dist., 152 F.3d 228, 232 (3d Cir. 1998) (citations omitted). The fee applicant must produce sufficient evidence of what constitutes a reasonable hourly rate.  Smith v. Philadelphia Hous. Auth., 107 F.3d 223,

-2-

225 (3d Cir. 1997).  Once the fee applicant meets this burden he must be awarded attorney's fees at the requested rate absent some opposition by the defendant supported by appropriate evidence. Id.

Here, plaintiff's counsel has twenty-two and one-half years of experience.  The request is for an hourly rate of $325. Plaintiff has supported this calculation with affidavits of two civil rights attorneys in the Philadelphia area.  The defendants contest the hourly rate because they do not believe that plaintiff's attorney exhibited the skill of a lawyer who has been practicing for twenty-two and one-half years.  They also provide a fee schedule published by Community Legal Services, Inc., which reflects that an attorney in the Philadelphia area with twenty-two and one-half years of experience would receive an hourly rate of $270-$310 per hour.

Despite defendants' views regarding the quality of plaintiff's counsel's representation, the fact remains that plaintiff's counsel has over two decades of legal experience. Furthermore, simply because plaintiff counsel's requested rate exceeds that listed on the Community Legal Services, Inc. fee schedule by $15 does not make the requested rate unreasonable. Indeed, as noted above, plaintiff's counsel has provided two affidavits in support of the reasonableness of his requested rate while the defendants have produced no affidavits to the contrary. We determine that the appropriate hourly rate is $325.

-3-

We must next decide the number of hours reasonably expended by plaintiff's counsel in the litigation. <u>Hensley</u>, 461 U.S. at 433. In calculating the number of hours reasonably expended, "'[t]he district court should review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" <u>Public Interest Research Group of N.J., Inc. v. Windall</u>, 51 F.3d 1179, 1185 (3d Cir. 1995) (quoting <u>Hensley</u>, 461 U.S. at 433-34). Specifically, we should deduct for "[e]xcessiveness of time spent in light of an applicant's expertise." <u>Bell v. United Princeton Properties, Inc.</u>, 884 F.2d 713, 721 (3d Cir. 1989). "A fee applicant cannot demand a high hourly rate--which is based on his or her experience, reputation, and a presumed familiarity with the applicable law--and then run up an inordinate amount of time researching that same law." <u>Id.</u> (citation omitted). The total number of hours for which counsel fees are sought amount to 207.8.

Defendants object to the 15.7 hours spent by plaintiff's counsel conferencing with plaintiff and drafting and filing the complaint. We agree that based upon counsel's experience some of the time spent by him was clearly excessive. We will reduce the time by 5 hours.

Defendants next object to a 5.5 hour entry on February 7, 2005 for the deposition of two officers and a conference with plaintiff. Defendants maintain that the

-4-

deposition of Lt. Presto, which took 45 minutes, was unnecessary because he was not present at any time when plaintiff encountered the defendants.  We agree that there is no evidence in the record that Lt. Presto was a witness to what occurred or could reasonably have been expected to provide any relevant information in the case.  His deposition was therefore unnecessary.  We will deduct 45 minutes from the time expended.

With respect to the same 5.5 hour entry, the defendants also request a reduction of two hours because they "doubt [plaintiff] would spend 2 hours in a conference with the attorney that would cost him $650.00."  (Defs.' Opp'n at 8).  This objection is without merit and will be denied.

Defendants further object to 6 hours of entries which include the filing of motions for extensions of time.  Specifically, plaintiff's counsel filed motions to extend his time to:  (1) file plaintiff's motion for summary judgment; (2) respond to defendants' motion for summary judgment; and (3) file a reply brief.  We find the motions for extension of time to be reasonable and common requests.  We are aware that many unexpected events occur in the course of litigation and that counsel may find themselves unavoidably behind schedule from time to time.  While the expenditure of 6 hours of time solely upon these motions would be excessive, that is not what occurred here.  The amount of time devoted to these motions is not individually documented.  Rather, they are included among numerous other allowable and time-consuming tasks such as the summarization of a

deposition, research on a response to a motion to quash a subpoena, and the drafting of a response to defendants' motion for summary judgment.  Looking at the nature of the other items the 6 hours of time is not unreasonable.  We will therefore overrule the objection.

Defendants challenge those entries of counsel related to plaintiff's motion for summary judgment because of lack of success.  We must be careful to calculate the lodestar before considering adjustments to exclude some or all of the time spent on unsuccessful claims related to the prevailing claims. Windall, 51 F.3d at 1190; Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).  Thus, our inquiry at this time must be restricted to an assessment of whether the time spent on these motions, successful or not, was "reasonably expended" or if it was "excessive, redundant, or otherwise unnecessary."  Hensley, 461 U.S. at 433-34; Windall, 51 F.3d at 1185.

There clearly were genuine issues of material fact that did not warrant the filing of a summary judgment motion on behalf of plaintiff.  The time in connection with this motion was not reasonably expended.  Although by our calculations approximately 56 hours were spent on this motion and related tasks, the defendants only request a reduction of 42 hours.  We will sustain this objection.

The defendants oppose any award of fees in connection with plaintiff's motions for reconsideration and for oral argument on reconsideration.  The time spent on these motions was

-6-

unreasonable.  Motions for reconsideration will only be granted
in very limited circumstances.  Harsco v. Zlotnicki, 779 F.2d
906, 909 (3d Cir. 1985).  In his motion for reconsideration,
plaintiff merely reargued points already set forth in his motion
for summary judgment.  Previously made arguments will not be
considered on a motion for reconsideration.  Id.  The amount of
time spent on each of these motions are lumped with other entries
totaling 6.9 hours.  Based upon our review of the nature of the
other entries, we will reduce the total by 3 hours for these
motions.

          Lastly, defendants object to the time expended on
plaintiff's motion for preliminary injunctive relief, the
proposed points for charge and the proposed jury interrogatories.
Again, they argue that plaintiff was unsuccessful on his motion
for preliminary injunctive relief.  Furthermore, they maintain
that the points for charge and the jury interrogatories were
unnecessary because plaintiff opted for a non-jury trial.

          Ignoring the lack of success of the preliminary
injunction at this stage in the calculation, see Windall, 51 F.3d
at 1190, we nonetheless find that the time spent on this motion
was unreasonable.  Plaintiff made conclusory and unsupported
allegations of irreparable harm.  On the other hand, we find the
time for preparation of points for charge and jury
interrogatories to be reasonable.  We required that they be
submitted prior to trial.  Although plaintiff requested a non-
jury trial on the day the trial was scheduled to begin, this

-7-

request required the consent of the defendants.  Fed. R. Civ. P.
38(d).  The total of these entries is 5.1 hours.  Based upon our
review of the nature of the tasks entered we will eliminate 2
hours for the preliminary injunction.[1]

Plaintiff has requested an hourly rate of $325 and a
total of 207.8 hours.  We have determined that a reduction of
52.75 hours is warranted.  Therefore, the lodestar is $325 x
155.05, or $50,391.25.

We may adjust the lodestar if it "is not reasonable in
light of the results obtained."  Rode, 892 F.2d at 1183; see also
Hensley, 461 U.S. at 434-37.  We may consider whether the
plaintiff has achieved only partial success, Hensley, 461 U.S. at
436, and the amount of damages awarded as compared to the amount
of damages requested.  Washington v. Philadelphia County Court of
Common Pleas, 89 F.3d 1031, 1042-43 (3d Cir. 1996).  We may not,
however, adjust the lodestar to reflect a certain ratio between
the fees and damages awarded.  Washington, 89 F.3d at 1042-43.

Plaintiff raised numerous claims and was only
successful on two, albeit significant, claims.  He was
unsuccessful on his state law claims for battery, malicious
prosecution, false arrest, and excessive force.  He was also

---

1.  Although additional entries relating to the preliminary
injunction, including a hearing, were listed, the defendants have
not specifically identified and objected to these items.  We may
not reduce counsel fees sua sponte as unnecessary "in the absence
of a sufficiently specific objection to the amount of fees
requested." United States v. Eleven Vehicles, Their Equip. and
Accessories, 200 F.3d 203, 211 (3d Cir. 2000).

unsuccessful on his § 1983 claims under the First and Fourth
Amendments to the extent they were based upon his arrest in 2000
and on § 1983 claims for excessive force and malicious
prosecution.  Plaintiff's complaint requested damages in excess
of $150,000 while he was only awarded $41,000.  Nonetheless, the
claims for relief all involved "a common core of facts" and were
"based on related legal theories .... making it difficult to
divide the hours expended on a claim-by-claim basis." Hensley,
461 U.S. at 435.  Taking the degree of success of the litigation
into account we will reduce the lodestar by 10%.

        Plaintiff has moved for two upward adjustments.  He
requests one based upon the quality of his counsel's
representation and another based upon the contingent nature of
the claims.  We will deny these requests.  "The quality of
representation, ... generally is reflected in the reasonable
hourly rate.  It, therefore, may justify an upward adjustment
only in the rare case where the fee applicant offers specific
evidence to show that the quality of service rendered was
superior to that one reasonably should expect in light of the
hourly rates charged and that the success was exceptional." Blum
v. Stenson, 465 U.S. 886, 899 (1984) (internal quotations
omitted).  Our Court of Appeals has reiterated that
"[c]ontingency multipliers will be granted only in rare cases."
Rode, 892 F.2d at 1184.  This is not such a rare case.

        Finally, plaintiff requests costs in the amount of
$2,231.35.  Defendants object to the cost of the deposition

-9-

transcript of Lt. Presto.  The entry, dated April 27, 2005, lists a total cost of $932 for four deposition transcripts, including that of Lt. Presto.  No separate charge for Lt. Presto's deposition transcript is outlined.  We have already determined that the deposition of Lt. Presto was unnecessary.  Where documentation is inadequate we may reduce an award accordingly.  See Hensley, 461 U.S. at 433.  The defendants have requested a deduction of $150.  The plaintiff does not dispute this charge for his deposition.  We will therefore deduct $150 from the requested costs.  The total costs awarded are therefore $2,081.35.

Accordingly, we will award plaintiff, as the prevailing party, counsel fees in the amount of $45,352.13 and costs in the amount of $2,081.35 for a total of $47,433.48.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN E. ROBINSON             :           CIVIL ACTION
                              :
          v.                  :
                              :
PATRICK V. FETTERMAN, et al.  :           NO. 04-3592

_____ORDER

AND NOW, this     day of August, 2005, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

(1)  the motion of plaintiff Allen E. Robinson for
counsel fees pursuant to 42 U.S.C. § 1988(b) is GRANTED in part
and DENIED in part;

(2)  plaintiff is awarded counsel fees in the amount
of $45,352.13; and

(3)  plaintiff is awarded costs in the amount of
$2,081.35.

BY THE COURT:

_____
                                                        J.