IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN E. ROBINSON            :            CIVIL ACTION
                             :
        v.                   :
                             :
PATRICK V. FETTERMAN, et al. :            NO. 04-3592

MEMORANDUM

Bartle, J.                                    September 23, 2005

        The issue presented is whether a successful plaintiff
in a civil rights action under 42 U.S.C. § 1983 is entitled to
prejudgment interest.

        On July 19, 2005, after a non-jury trial, this court
entered judgment in favor of plaintiff and against the three
defendants, who were Pennsylvania State Troopers.  We found that
defendants had violated plaintiff's constitutional right to free
speech under the First Amendment to the Constitution and his
constitutional right under the Fourth Amendment to be secure
against an unreasonable search and seizure when they arrested him
without probable cause.  The court awarded non-economic
compensatory damages in the amount of $35,000, plus $2,000 in
punitive damages against each defendant.  Subsequently, we
granted plaintiff's motion for reasonable counsel fees and costs
since he was the prevailing party.  42 U.S.C. § 1988(b).
Plaintiff has now filed a motion for an award of prejudgment
interest.

The statutory provision which is now codified at 42 U.S.C. § 1983 was originally enacted as part of the Civil Rights Act of 1871.  Civil Rights Act of 1871, ch. 22, § 1, 17 Stat. 13 (1871).  It now reads in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

The Supreme Court has held that § 1983 must be interpreted "in the light of common law principles that were well settled at the time of its enactment." Kalina v. Fletcher, 522 U.S. 118, 123 (1997).  Because it is silent on the question of prejudgment interest, we must look to common law principles as they existed in 1871.  It is clear that in a personal injury action prejudgment interest for non-liquidated damages was not available at that time.  See Mowry v. Whitney, 81 U.S. (14 Wall.) 620, 653 (1871).  This, however, does not end our inquiry.

In Carey v. Piphus, 435 U.S. 247 (1978), the Supreme Court held that damages under § 1983 must be governed by "the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights." Id. at 257.  The Court cautioned that common law tort rules may not "provide a complete solution to the damages issue in every § 1983 case."

Id. at 258.  It noted without elaboration in a footnote that 42
U.S.C. § 1988 "authorizes courts to look to the common law of the
States where this is 'necessary to furnish suitable remedies'
under § 1983."  Id. at 258, n.13.  Section 1988(a) provides in
relevant part:

> The jurisdiction in civil and criminal
> matters conferred on the district courts by
> the provisions of titles 13, 24,[1] and 70 of
> the Revised Statutes for the protection of
> all persons in the United States in their
> civil rights, and for their vindication,
> shall be exercised and enforced in conformity
> with the laws of the United States, so far as
> such laws are suitable to carry the same into
> effect; but in all cases where they are not
> adapted to the object, or are deficient in
> the provisions necessary to furnish suitable
> remedies and punish offenses against law, the
> common law, as modified and changed by the
> constitution and statutes of the State
> wherein the court having jurisdiction of such
> civil or criminal cause is held, so far as
> the same is not inconsistent with the
> Constitution and laws of the United States,
> shall be extended to and govern the said
> courts in the trial and disposition of the
> cause ....[2]

The defendants rely on Monessen Southwestern Railway
Co. v. Morgan, 486 U.S. 330 (1988), to defeat plaintiff's motion.

---

1.  Title 24 of the Revised Statutes includes what is now § 1983.
See Historical and Statutory Notes to 42 U.S.C. § 1988.

2.  The Supreme Court in Robertson v. Wegmann, 436 U.S. 584
(1978), had occasion to discuss § 1988.  In that case, the issue
was whether a Louisiana statute providing for the abatement of an
action on the death of the plaintiff applied in a § 1983 action
since § 1983 was silent or "deficient" on the subject.  While
characterizing its holding as narrow, the Court determined that
the state abatement statute barred the action under the
particular facts presented and disallowed the fashioning of a
federal common law rule permitting the action to proceed.

There the Supreme Court was faced with the issue whether prejudgment interest may be awarded under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 et seq., which allows railroad workers injured on the job to sue their employers.  The FELA, of course, is "a broad remedial statute," Atchison, T. & S.F. Ry. v. Buell, 480 U.S. 557, 562 (1987), not unlike § 1983 which should be "'liberally and beneficently construed.'"  Dennis v. Higgins, 498 U.S. 439, 443 (1991) (citation omitted).  The FELA, like § 1983, makes no mention of prejudgment interest.  Relying on "Congress' silence on this matter in the appropriate historical context," the Supreme Court held that the award of prejudgment interest was barred on both the wage and non-economic loss claims.  It explained that in 1908, when the FELA was enacted, "the common law did not allow prejudgment interest in suits for personal injury or wrongful death."  Monessen, 486 U.S. at 337.  Congressional silence, together with § 1983's historical context, would lead us to the same result here as in Monessen.  However, as noted above, the Supreme Court in Carey left the door ajar to additional relief in § 1983 actions under the authority provided in § 1988(a) if necessary for appropriate compensation.

Our Court of Appeals in Savarese v. Agriss, 883 F.2d 1194 (3d Cir. 1989), held that it is error for the district court to add delay damages in a § 1983 action under Rule 238 of the Pennsylvania Rules of Civil Procedure.  Nonetheless, without citation to § 1988, the court stated that in federal question cases "an award of prejudgment interest 'would generally be

-4-

committed to the discretion of the district court.'"  <u>Id.</u> at
1207.  It remanded the § 1983 action before it for
"redetermination" with respect to that issue and noted that the
district court may consider delay as a factor.  <u>Id.</u> at 1207 n.23.

     The Court of Appeals in <u>Savarese</u> cited <u>Poleto v.</u>
<u>Consolidated Rail Corp.</u>, 826 F.2d 1270 (3d Cir. 1987), *abrogated*
*on other grounds by* <u>Kaiser Aluminum & Chemical Corp. v. Bonjorno</u>,
494 U.S. 827 (1990), in support of the proposition that courts
generally have discretion in federal question cases to add
prejudgment interest.  <u>Poleto</u>, however, rejected awarding
prejudgment interest for non-economic harm:

> Not all portions of a verdict are economic in
> character, and only the sum that represents
> past economic loss is properly adjusted to
> present value through an interest
> calculation.  Non-economic awards, such as
> pain and suffering on [sic] punitive damages,
> do not compensate for market-induced harms,
> so they do not require the adjustment for the
> time the successful plaintiff's money was out
> of the market which prejudgment interest
> provides.

<u>Id.</u> at 1278 n.14.  Thus, we read the precedents in this circuit
to give a district court discretion to add prejudgment interest
in a § 1983 action on the economic portion of any verdict or
finding but to prohibit it from doing so with respect to that
portion of the verdict or finding which compensates for pain and
suffering or other non-economic loss.

     The purpose of prejudgment interest is to make a party
whole.  <u>Monessen</u>, 486 U.S. at 335.  The plaintiff's damages here
were unliquidated.  There was no economic loss.  Even if the

court had discretion under such circumstances to allow prejudgment interest under § 1983 or § 1988, the judgment of $35,000 awarded plaintiff for compensatory damages, in the court's view, has made him whole.  See Poleto, 826 F.2d at 1278 n.14.[3]

        Accordingly, the motion of plaintiff for an award of prejudgment interest will be denied.

---

3.  There is, of course, no basis for awarding prejudgment interest on the punitive damages awards.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLEN E. ROBINSON            :            CIVIL ACTION
                             :
            v.               :
                             :
PATRICK V. FETTERMAN, et al. :            NO. 04-3592

_____ORDER_____

        AND NOW, this 23rd day of September, 2005, for the

reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that the motion of plaintiff Allen E. Robinson for an

award of prejudgment interest is DENIED.

                                BY THE COURT:


                                /s/ Harvey Bartle III
                                                     J.